UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 88-6090-CIV-KEHOE/MOORE
MAGISTRATE JUDGE P.A. WHITE

JAMES WALSH,                          :

      Petitioner,             :

v.                                    :     REPORT OF
                                              MAGISTRATE JUDGE
RICHARD DUGGER,                       :      (DE#13, 22 & 23)

      Respondents.            :
_____

This Cause is before the Court upon the re-referral, of the petitioner's <u>pro-se</u> motions for the Court to authorize <u>in forma pauperis</u> status to obtain a document (DE#22) and motion for leave to proceed <u>in forma pauperis</u> (DE#23), referred to the Undersigned Magistrate Judge.

The petitioner is seeking to be declared indigent so that the Clerk's Office can attempt to obtain an exhibit he attached to his memorandum of law in case no. 88-6090-civ-Kehoe from the archives.

The history of this case is as follows: the petitioner was convicted of robbery, possession of a firearm while engaged in a felony and aggravated assault. He was found guilty and sentenced to life imprisonment on November 9, 1983.

The petitioner filed two petitions for writ of habeas corpus,

pursuant to 28 U.S.C. §2254. The initial petition, Case No. 88-6090-Civ-JWK, was dismissed without prejudice for lack of exhaustion of state remedies on November 30, 1988.[1]

The second petition, assigned Case No. 91-6914-Civ-Zloch was denied on the merits on September 16, 1992. No appeal was taken.

The petitioner was convicted and sentenced over 26 years ago. The denial of his second habeas corpus petition took place over over 16 years ago. Any attempt to collaterally attack his conviction would most likely be time barred.

Further, as the petitioner's second petition was denied on the merits, any habeas corpus petition subsequently filed would be successive, and the petitioner would require permission from the Eleventh Circuit Court of Appeals.

Without further information as to why this exhibit is needed, and with so little chance of success at this date, it was therefore recommended that the motion to proceed <u>in forma pauperis</u> and motion to authorize <u>in forma pauerpis</u> status to obtain a necessary document to support a claim (DE#s 22 and 23) be denied without

---

[1] The docket sheet in this case is a paper docket and has been retrieved from the Clerk's Office.

prejudice.

The petitioner filed objections to this Report stating that he is not collaterally attacking his conviction, but instead, intends to file a complaint with the Florida Bar against his prior counsel based upon newly discovered evidence. The petitioner's motions have been re-referred to the Undersigned Magistrate in light of the petitioner's objections.

The petitioner seeks a one page document from the Public Defender. It is unlikely that these records are still available. However, in light of the petitioner's pro-se status, and his objections, it is recommended that his motions to proceed in forma pauperis (DE#22 and 23) be granted solely so that he may attempt to obtain the one page letter sent from the Public Defender.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 2nd day of February, 2010.

                                              UNITED STATES MAGISTRATE JUDGE

cc:   James Walsh, Pro Se
       DC #33179
       Union Correctional Institution
       Address of Record

3